UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

RONALD J. CONTOR,

      Plaintiff,      Case No. 1:07-cv-303

v.               Honorable Wendell A. Miles

PATRICIA CARUSO et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On May 21, 2007, this Court ordered service of Plaintiff's complaint on Defendants Patricia Caruso and Dr. Keith Ivans. On June 26, 2007, Defendant Caruso filed a motion for summary judgment (docket # 13) on the grounds that Plaintiff failed to exhaust his available administrative remedies and failed to state a claim against her. On August 2, 2007, Dr. Ivans moved to dismiss the complaint on the ground of exhaustion (docket #29).[1] Plaintiff filed a response to each of Defendants' motions (dockets #25, 35). Defendants Caruso and Ivans each filed a reply to Plaintiff's responses (dockets

---

[1] Defendant Ivans' motion is entitled "Motion to Dismiss," but no federal rule or standard of review is cited in his motion or brief. A complaint may be dismissed pursuant to Rule 12(b)(6) where the allegations of the complaint itself show that the plaintiff is not entitled to relief. *See Jones v. Bock*, 127 S. Ct. 910, 920-21 (2007). Here, Defendant relies upon a grievance and other materials that were not attached to the complaint. It is well established that exhibits outside the pleadings may not generally be relied upon in ruling upon a Rule 12(b)(6) motion to dismiss. *See Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 603 (6th Cir. 2005). Rule 12(b) provides that if on a motion to dismiss for failure to state a claim brought under 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such motion by Rule 56." FED. R. CIV. P. 12(b). Accordingly, I will construe Defendant Ivans' motion as a motion for summary judgment. Because Defendant Caruso brought a motion for summary judgment on the ground of exhaustion and relied upon the same exhibits, I find that Plaintiff has had a reasonable opportunity to present all materials pertinent to Defendants' motions.

#35, 45). Upon review, I recommend that the Court grant Defendant Caruso's motions for summary judgment because Plaintiff failed to exhaust his available administrative remedies against her. I further recommend that the Court deny Defendant Ivans' motion for summary judgment.

## Applicable Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir.

2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Facts**

Plaintiff is presently incarcerated at the Parnall Correctional Facility. In his *pro se* complaint, he sues Patricia Caruso and Dr. Keith Ivans for denying him medical treatment in violation of his Eighth Amendment rights.

Plaintiff claims that he was diagnosed with hypogonadism in early childhood. (Compl., ¶ 11, docket #1.) According to Plaintiff, hypogonadism is a condition in which the body does not produce enough of the sex hormone testosterone. (Compl., ¶ 13.) Before his incarceration in 1994, Plaintiff's hypogonadism was treated with hormone replacement therapy. (Compl., ¶ 11.) Plaintiff's condition has not been treated since his incarceration. (Compl., ¶ 12.) For at least the past two years, Plaintiff has sought evaluation by an endocrinologist. (Compl., ¶ 17.) He also has

complained of the following symptoms: mass and pain in right breast, pain in left testicle, erectile dysfunction and fatigue. (Compl., ¶ 18.) Plaintiff claims that at least two doctors have recommended an endocrine evaluation and mammogram on suspicion of breast cancer, but the requests were denied by Dr. Ivans, who is employed by Correctional Medical Services. (Compl., ¶¶ 21-24.) According to Plaintiff, CMS limits the number of specialty care consults approved each year as a cost-cutting measure. (Compl., ¶ 26.) Plaintiff further claims that Defendant Caruso condones CMS' cost-cutting practices. (Compl., ¶ 27.) Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

## Discussion

### I.      Exhaustion Requirement

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 127 S. Ct. at 922-23; *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

In interpreting the PLRA, it is appropriate to look for guidance to the substantively similar exhaustion rules applicable in habeas cases. *Woodford*, 126 S. Ct. at 2384. In the habeas corpus context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "To 'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies . . ." *Id.* at 848 (citation omitted; emphasis in original). In habeas, the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default. *Woodford*, 126 S. Ct. at 2387. To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003).

Under the procedural default component of § 1997e(a), an inmate's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually rely upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 2978 (2006); *Spruill v. Gillis*, 372 F.3d 218, 222 (3rd Cir. 2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative

regulations governing inmate grievances, and the waiver if any, of such regulations by prison officials.") Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the Federal Constitution or the intended purposes of § 1997e(a). *See Spruill*, 372 F.3d at 232.

        II.      Grievance Policy

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[2], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the

---

[2]The MDOC recently amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.*, the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

### III.   Grievance No. SMT 06-04-00617-12d1

It is undisputed that Plaintiff filed only one grievance concerning his medical claim. (See Step I Grievance No. SMT 06-04-00617-12d1, dockets #16, 28.)[3] In his Step I Grievance dated April 10, 2006, Plaintiff stated that the grievance was against "'CMS' - Correctional Medical Services" and "the MDOC . . . Medical health care unit at SMT Prison." Plaintiff claimed that he was being denied treatment by an endocrinologist in violation of his Eighth Amendment rights. He further alleged, "Because I cannot pay the cost to see one, I was told this by . . . "P.A. Frazier" when I seen [sic] her on 3-10-06 she said Dr. Ball put in a request for me to see a [sic] "Endocrinologist" and "CMS" denied the request saying they cost too much money . . . ." The three-page grievance also makes reference to Physician Assistant (unknown) Sainz. The Step I response stated that

---

[3]Defendants Caruso and Ivans submitted the Step I grievance and response under seal to protect Plaintiff's privacy.

appropriate medical treatment was being provided for Plaintiff's health care issue. The Step I response was upheld at Steps II and II. The Step III response stated:

> Grievant alleges that he is being denied care for monetary reasons.
>
> There is no support for this allegation at all. Grievance has been seen and his case has been reviewed. The type of care he desires has been determined not to be medically indicated. Grievant's disagreement with the medical conclusion does not support his claim of denial of care. More importantly, it does not support his allegation that the decision was made due to cost factors.

(Step III Grievance Responses, docket #43-2.)

### A.  **Defendant Caruso**

Defendant Caruso claims that Plaintiff failed to exhaust his administrative remedies against her because Plaintiff failed to name her in his grievance. In his response (docket #25), Plaintiff concedes that he did not file a grievance against Defendant Caruso. However, he contends that the MDOC grievance procedure was not designed or intended to provide a remedy with regard to complaints against the Director of the MDOC because there is no one within the Department who can who can review or discipline the Director. Consequently, Plaintiff maintains that there is no "available" administrative remedy with regard to claims against Defendant Caruso. Plaintiff's argument is without merit. There is nothing in the MDOC Grievance Policy that prevents a prisoner from filing a grievance against the Director. Moreover, a prisoner's subjective belief that he would not be granted relief in the prison grievance process will not excuse his failure to exhaust. *See Boyd v. Corrections Corp. of America*, 380 F.3d 989, 998 (6th Cir. 2004); *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003).

As set forth above, the Grievance Policy provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).

Dates, times, places and names of all those involved in the issue being grieved are to be included." MICH. DEP'T. OF CORR., Policy Directive 03.02.130, at ¶ T (emphasis in original). Because Plaintiff did not include Defendant Caruso's name in his grievance as required by the Grievance Policy, Plaintiff failed to properly exhaust his claim against her. See *Jones*, 127 S. Ct. at 922-23.[4]

### B.   **Defendant Ivans**

Dr. Ivans also contends that Plaintiff failed to exhaust his administrative remedies because Plaintiff did not name him in any grievance. Plaintiff contends in his response (docket #43) that, at the time he filed his grievance, he did not know the name of the person at CMS who denied Dr. Ball's request for an endocrinologist. This is evidenced by Plaintiff's Step II and III grievance appeals, where he specifically requested the name of the CMS official who denied the request for specialty services. Plaintiff contends that his grievance was sufficient to put prison officials on notice of his claim against the CMS employee who denied the referral. While the Grievance Policy instructs prisoners to include "the names of all those involved in the issue," prisoners may be unable to learn the names of all of the involved parties given the very short time line for filing a Step I grievance and the prisoner's limited ability to access information while incarcerated. The MDOC cannot create a grievance process that effectively makes it impossible for prisoners to properly grieve their claims. *See Turner v. Safley*, 482 U.S. 78 (1987); *Pell v. Procunier*, 417 U.S. 817 (1974).

---

[4]The Order for Service in this case (docket #5) provided in part: "if a Defendant contends that the Plaintiff has failed to exhaust his administrative remedies as to one or more claims contained in the complaint, the alleged failure must be raised in a motion for summary judgment filed within thirty days after service of the complaint . . . **Any motion asserting the exhaustion defense must be limited to that issue only**. A Defendant asserting the exhaustion defense will have the opportunity to raise any other defense in a future motion or pleading." (Emphasis in original.) Because Defendant Caruso was limited to raising the issue of exhaustion in her motion or summary judgment, I will not consider her argument that Plaintiff fails to state a claim against her.

Plaintiff also argues that his grievance was not rejected at any step of the grievance process for failure to name a specific CMS employee, and thus, any failure on his part to comply with the Grievance Policy was waived by Defendants. In this case, it was clear from the Step I grievance that Plaintiff was complaining of acts committed by a person or persons employed by CMS. However, Plaintiff's grievance was not rejected at any step for failing to name a specific person from CMS. Because prison officials did not actually rely upon the procedural rule to bar review of the grievance, they cannot invoke the default against Plaintiff. *See Johnson*, 418 F.3d at 1159; *Spruill*, 372 F.3d at 222. Accordingly, I find that Plaintiff created a genuine issue of material fact regarding whether he properly grieved his claim again Defendant Ivans.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the Court grant Defendant Caruso's motion for summary judgment (docket #13) and dismiss her from this action without prejudice because Plaintiff failed to exhaust his available administrative remedies against her. I further recommend that the Court deny Defendant Ivans' motion for summary judgment (docket #29).

Date: March 6, 2008                             /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).