UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD J. CONTOR,

        Plaintiff,

                                                                                         Case No. 1:07-cv-303

v.

                                                                                         Hon. Wendell A. Miles

PATRICIA CARUSO and DR. KEITH IVENS,

        Defendants.

_____/

OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

        Plaintiff Ronald J. Contor, a Michigan prisoner, filed this action under 42 U.S.C. § 1983 claiming that Defendants denied him adequate medical care in violation of his Eighth Amendment rights. Defendant Caruso filed a motion for summary judgment contending that Plaintiff failed to exhaust his administrative remedies with regard to his claim against her. Defendant Ivens filed a motion to dismiss also based upon failure to exhaust administrative remedies. On March 6, 2008, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation (R & R) recommending that Defendant Caruso's motion be granted and Defendant Ivens' motion be denied. Plaintiff has filed objections to that portion of the R & R recommending that Defendant Caruso's motion be granted. For the reasons that follow, the Court overrules Plaintiff's objections and adopts the R & R.

        This court is required to make a <u>de novo</u> review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B). The court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. <u>Id.</u>

Plaintiff alleges that doctors have recommended he receive an endocrine evaluation and mammogram on suspicion of breast cancer. A doctor requested the procedures, but the request was denied by Defendant Ivens, who is employed by Correctional Medical Services. The reason the request was denied was allegedly because the procedures are too costly. He further alleges that Defendant Caruso, the Director of the Michigan Department of Corrections (MDOC), condones Correctional Medical Services's cost-cutting measures.

### Defendant Caruso

Plaintiff does not challenge that under 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. See Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 733 (2001). Exhaustion is mandatory, and prisoners must exhaust all "available" remedies, even where the relief sought cannot be granted through the administrative process." Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006). Proper exhaustion requires "that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Id. at 2382. "[I]t is the prison's requirements, and not the [Prison Litigation Reform Act], that define boundaries of proper exhaustion." Jones v. Bock, — U.S.— , 127 S.Ct. 910, 923 (2007).

MDOC Policy Directive 03.02.130, ¶ T, states: "[t]he issues shall be stated briefly. Information provided shall be limited to the *facts* involving the issue being grieved (ie., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." The Magistrate Judge concluded that because Plaintiff did not name Defendant Caruso in his grievance as required by the Grievance Policy, he failed to

2

properly exhaust his claim against her.

Plaintiff acknowledges that he did not file a grievance against Defendant Caruso. He contends, however, that because Defendant Caruso is Director of the MDOC, it is impossible to file a grievance against her. He argues that under paragraph Z of MDOC Grievance Policy 03.02.130, which states that the respondent to a Step I grievance "shall generally be the supervisor of the person grieved," there would be no procedure for responding to a grievance against Defendant Caruso because she has no supervisor. He further argues that because the "Prisoner Affairs Section shall be the respondent for Step III grievances on behalf of the Director," MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ II, it would violate due process if the person making the decision is acting on behalf of the person being grieved.

The MDOC grievance policies do not expressly prohibit filing grievances against the Director of the MDOC. The use in paragraph Z of the term "generally" indicates that under certain circumstances the general rule will not apply, such as a grievance against Defendant Caruso. The Court notes that many other prisoners have successfully filed Step I through Step III grievances against Director Caruso, thereby satisfying the exhaustion requirement. E.g., Pulliam v. West, No. C 05-5264 CW, 2006 WL 560689 at *2 (W.D. Mich., Mar. 3, 2006); Campbell v. Trevino, No. 1:05-cv-748, 2006 WL 357050 at * 2 (W.D. Mich., Feb. 15, 2006); Kitchen-Bey v. Mich. Dep't of Corr., No. 2:05-cv-267, 2006 WL 62827 (W.D. Mich., Jan. 10, 2006). To the extent that Plaintiff contends that he would not receive a fair response at Step III, it is well settled that a prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the type of relief he seeks in the administrative process. See Porter, 534 U.S. at 532; Booth, 532 U.S. at 733. Moreover, one of the primary objectives of the

3

exhaustion requirement is to give prison officials notice of the prisoners' complaints so that officials have the opportunity to resolve issues internally.  See Porter, 534 U.S. at 516-17.  The requirement also filters out some frivolous claims and creates an administrative record that facilitates review of cases that are ultimately brought to court.  Id. at 525; see Freeman v. Francis, 196 F.3d 641, 643-45 (6th Cir. 1999) (stating that a "broad exhaustion requirement . . . effectuates [the statutory purpose] and maximizes the benefits of requiring prisoners to use prison grievance procedures before coming to federal court").  Filing a grievance against the MDOC Director serves the objectives of the exhaustion requirement.  The MDOC grievance process requires that the person that is being grieved be named in the grievance, and it does not foreclose a grievance against the MDOC Director.  Accordingly, the Court agrees with the Magistrate Judge's conclusion that because Plaintiff did not name Defendant Caruso in his grievance as required by the Grievance Policy, he failed to properly exhaust his claim against her.  Defendant Caruso is, therefore, entitled to summary judgment.

## Defendant Ivens

Plaintiff contends that he failed to name Defendant Ivens in his grievance because at the time he filed his grievance he did not know who had denied the request for an endocrine evaluation and mammogram.  The Magistrate Judge noted that in his grievance, Plaintiff specifically requested the name of the person who had denied the requested procedures, and that prisoners may not be able to learn the names of all persons involved in a situation given prisoners' limited access to information and the short time within which they must file a Step I grievance.  The Magistrate Judge concluded that Plaintiff had properly exhausted his claim against Defendant Ivens even though he did not specifically name him in the grievance because

4

his grievance sufficiently put prison officials on notice of his claim against a Correctional Medical Services' employee. Therefore, the Magistrate Judge recommended that Defendant Ivens' motion be denied.

Plaintiff does not object to the Magistrate Judge's recommendation relating to Defendant Ivens. Defendant Ivens was advised of his right to file objections to the R & R. The time for filing objections to the R & R under Federal Rule of Civil Procedure 72(b) has expired, and no objections pertaining to the recommendation regarding Defendant Ivens' motion have been filed. After reviewing the R & R, the Court agrees with the reasoning and recommended disposition. Therefore, Defendants Ivens' motion to dismiss will be denied.

## Conclusion

For the reasons discussed, the Court ADOPTS the Magistrate Judge's Report & Recommendation (docket #54). The Court GRANTS Defendant Patricia Caruso's Motion for Summary Judgment (docket #13), and DENIES Defendant Ivens' Motion to Dismiss (docket. #29).

So ordered this 28th day of March, 2008.

      /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge