UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RONALD CONTOR,

        Plaintiff,                                   Hon. Robert Holmes Bell

v.                                                    Case No. 1:07 CV 303

PATRICIA CARUSO, et al.,

        Defendants.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant Ivens' Motion for Summary Judgment</u>. (Dkt. #82). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and Plaintiff's action **dismissed**.


## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). In "early childhood," Plaintiff was diagnosed with hypogonadism, a condition "characterized by deficient production of the hormones secreted by the gonads." Before his incarceration, Plaintiff's condition was treated with hormone replacement therapy. Since his incarceration in 1994, however, Plaintiff has not received treatment for his condition. Since "mid 2004" Plaintiff has reported experiencing the following symptoms: (1) mass and pain in his right breast, (2) pain in his left testicle, (3) erectile dysfunction, and (4) fatigue. In response to these symptoms, Plaintiff "has sought evaluation by an endocrinologist."

According to Plaintiff, three doctors have recommended that he participate in a mammogram and endocrine consultation. Defendant Ivens has denied each of these requests.

Plaintiff initiated this action March 22, 2007, against Keith Ivens, a physician employed by Correctional Medical Services, and Patricia Caruso, Director of the Michigan Department of Corrections. Plaintiff asserts that Defendants have exhibited deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. On March 6, 2008, the undersigned recommended that Plaintiff's claims against Defendant Caruso be dismissed for failure to exhaust administrative remedies. (Dkt. #54). On March 28, 2008, the Honorable Wendell A. Miles adopted this recommendation. (Dkt. #56). Defendant Ivens now moves for summary judgment. Plaintiff has failed to respond to Defendant's motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has

had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## **ANALYSIS**

Plaintiff asserts that Defendant Ivens has denied the recommendations of his care providers that he participate in a mammogram and endocrine consultation. Plaintiff asserts that such reflects deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which Defendant Ivens' conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. If the objective test is met, the Court must then determine whether Ivens possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that Defendant Ivens "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures

to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

Defendant Ivens first asserts that Plaintiff has failed to demonstrate that he experienced a "serious medical need." The Court disagrees. As Defendant recognizes, a medical need is serious if it "has been diagnosed by a physician as mandating treatment" or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004). The medical evidence submitted by Defendant reveals that there exists a factual dispute as to the seriousness of Plaintiff's condition. Thus, summary judgment is not appropriate on this basis.

With respect to the second part of the analysis, however, the Court reaches a different conclusion. Dr. Ivens asserts that his role in Plaintiff's care was to review "specialty care requests." (Dkt. #97). As Defendant Ivens asserts in his affidavit, and as the medical evidence reveals, Plaintiff was examined on numerous occasions by various care providers regarding his medical concerns. (Dkt. #82, Exhibit B; Dkt. #97).

In March 2006, Plaintiff was diagnosed with gynecomastia, hypogonadism, low testosterone, and a right breast mass. (Dkt. #82, Exhibit B at 4, 13-14, 46; Dkt. #97 at ¶¶ 5-6). One of Plaintiff's care providers subsequently requested that Plaintiff undergo "an endocrinology evaluation and bilateral mammogram." (Dkt. #97 at ¶ 9). Defendant Ivens denied this request on the grounds that (a) Plaintiff "did not display characteristics. . .of breast cancer" and (b) "the loss of secondary sexual characteristics was not a serious medical problem." (Dkt. #82, Exhibit B at 84; Dkt. #97 at ¶¶ 9-10, 19). Ivens noted, however, that the requests "should be resubmitted if a serious medical problem was found." (Dkt. #97 at ¶ 13).

Testing performed in July, August, and October 2006 revealed that Plaintiff's testosterone levels were "normal." (Dkt. #82, Exhibit B at 24; Dkt. #97 at ¶¶ 12, 14-15). A December 2006 examination, however, revealed an increase in the size of Plaintiff's left breast. (Dkt. #82, Exhibit B at 104-07; Dkt. #97 at ¶ 16). As a result, Defendant Ivens approved a request for Plaintiff to participate in a mammogram examination. (Dkt. #97 at ¶ 16). The results of this examination were negative. (Dkt. #82, Exhibit B at 5-6; Dkt. #97 at ¶ 18). Given the results of this examination, one of Plaintiff's doctors concluded that an endocrine consultation was unnecessary. (Dkt. #97 at ¶ 18). Plaintiff has not responded to the present motion and has submitted no evidence in opposition thereto.

The evidence submitted by Defendant Ivens reveals that he was not deliberately indifferent to Plaintiff's medical needs. Ivens was tasked with reviewing Plaintiff's requests for specialty care. Ivens reviewed Plaintiff's medical record and made a judgment as to whether the request in question was necessary or appropriate. The essence of Plaintiff's claims against Defendant Ivens is that Plaintiff simply disagrees with Dr. Ivens' medical judgment. While such disagreement may support a claim for medical malpractice, it does not implicate the Eighth Amendment. *See, e.g., Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment). Accordingly, the Court recommends that Defendant Ivens is entitled to summary judgment.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant Ivens' Motion for Summary Judgment, (dkt. #82), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 5, 2009       /s/ Ellen S. Carmody
                        ELLEN S. CARMODY
                        United States Magistrate Judge