UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD CONTOR,

        Plaintiff,

                                                                       File No. 1:07-CV-303

v.

                                                                      HON. ROBERT HOLMES BELL

PATRICIA CARUSO, et al.,

        Defendants.
                                             /

**MEMORANDUM OPINION AND ORDER**
**REJECTING THE REPORT AND RECOMMENDATION**

       On May 5, 2009, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R&R"), recommending that Defendant Keith Ivens's motion for summary judgment be granted. Plaintiff filed objections to the R&R on May 21, 2009. Defendant Ivens filed a response to Plaintiff's objections on June 1, 2009. For the reasons that follow, Plaintiff's objections are granted in part and the R&R is rejected as the opinion of the Court.

       This Court is required to make a *de novo* determination of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

       Defendant Ivens filed his motion for summary judgment on December 24, 2008. Defendant attached several exhibits to the motion for summary judgment. Exhibit B to the

summary judgment motion, Plaintiff's medical records, was filed separately on the same date, together with a motion to file this exhibit under seal. (Dkt. No. 83.) Attached to the motion for summary judgment and the motion to seal are certificates of service noting that the "foregoing paper" has been mailed to "the involved non participants." (Dkt. Nos. 82, 83.)

Exhibit C to the summary judgment motion, as filed on December 24, 2008, is a placeholder for an affidavit by Defendant Ivens. The placeholder notes that an affidavit will be filed upon being signed and notarized. (Dkt. No. 82.)

Plaintiff filed a motion for extension of time to respond on January 21, 2009, stating that Defendant had filed Plaintiff's medical records with the Court under seal and that Plaintiff was attempting to obtain a copy of these records in order to properly respond to the summary judgment motion. (Dkt. No. 86.) The Court granted Plaintiff until February 27, 2009, to respond to the summary judgment motion. (Dkt. No. 88.) Plaintiff never filed a response.

On April 28, 2009, Defendant Ivens filed a signed and notarized copy of Exhibit C to the summary judgment motion, an affidavit by Defendant that is signed and dated as of April 27, 2009. No certificate of service is attached to this Exhibit.

On May 5, 2009, the Magistrate Judge issued an R&R recommending that the Court grant Defendant's motion for summary judgment. The R&R relied upon both the medical records and the affidavit of Defendant Ivens.

Plaintiff's first objection is that, as an unrepresented prisoner, he must be given notice of the consequences of not coming forward with evidence challenging another party's motion for summary judgment, citing *United States v. Ninety Three Firearms*, 330 F.3d 414 (6th Cir. 2003). In that case, the Court of Appeals for the Sixth Circuit noted that "The majority of circuits have held that a pro se litigant is entitled to notice of the consequences of a summary judgment motion and the requirements of the summary judgment rule." *Id.* at 427. In filing a motion for extension of time to respond to Defendant's motion, Plaintiff clearly had notice of the need for *some* response. Moreover, he responded to a previous motion for summary judgment with supporting evidence. (Dkt. No. 25.)

Nevertheless, Plaintiff also contends that he did not receive a copy of two of the exhibits to the summary judgment motion, the medical records and the affidavit of Defendant Ivens. Pleadings and written motions must be served on every party. Fed. R. Civ. P. 5(a)(1). The Court notes that these exhibits were filed separately from Defendant's motion and the Court cannot find a clear indication in the record that they were properly served on Plaintiff. In his response to Plaintiff's objections, Defendant does not respond to Plaintiff's allegation that Plaintiff did not receive a copy of these exhibits.

Thus, even if Plaintiff had sufficient notice of the need to respond in accordance with the requirements of Rule 56, it is not clear that he could have adequately responded. In an abundance of caution, the Court will require Defendant Ivens to serve copies of Exhibits B and C to his summary judgment motion on Plaintiff, if Defendant has not already done so,

3

and submit to the Court evidence of such service. After Defendant has submitted such evidence of service with the Court, the Court will grant Plaintiff additional time to submit a response to the motion for summary judgment,[1] and Defendant Ivens shall have an opportunity to reply to Plaintiff's response. Thus, the Court will grant Plaintiff's objections and reject the R&R solely on this basis. After the parties have made their submissions, the Magistrate Judge will reconsider the motion for summary judgment.

Also pending before the Court is Plaintiff's fourth motion for appointment of counsel. Considering the factors set forth in *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), the Court finds that appointment of counsel is not warranted in this case at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 99) are **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 98) is **REJECTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant Ivens shall serve a copy of Exhibits B and C to its summary judgment motion on Plaintiff, if he has not already done so, and submit to the Court evidence of such service by **June 19, 2009**. Plaintiff shall have **thirty (30) days** to respond to Defendant's motion for summary judgment from the date that such

---

[1] Having cited *Ninety Three Firearms* in his objections, Plaintiff cannot later object that he did not have notice of the requirements of Rule 56 of the Federal Rules of Civil Procedure, should he fail to adequately respond.

evidence of service is filed with the Court.  Defendant Ivens shall have **fourteen (14) days** to submit a reply to Plaintiff's response.  Thereafter, the Magistrate Judge will reconsider Defendant's motion for summary judgment.

**IT IS FURTHER ORDERED** that Plaintiff's fourth motion for appointment of counsel (taken from Dkt. No. 89) is **DENIED**.


Dated: June 3, 2009                                        /s/ Robert Holmes Bell
                                                           ROBERT HOLMES BELL
                                                           UNITED STATES DISTRICT JUDGE